**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DEYSI SANCHEZ MENDEZ,<br><br>                    Plaintiff,<br>   v.<br><br>SOS TRUCKING SERVICES, LLC<br>HASSAN IBRIHIM ABUBAKAR and<br>HASSAN MOHAMED, individually and as<br>agent for SOS TRUCKING SERVICES, LLC<br>and HASAN IBRIHIM ABUBAKAR,<br><br>                    Defendants. | Case No. 1:23-cv-00168 |

**NOTICE OF REMOVAL**

Defendants SOS TRUCKING SERVICES, LLC (hereinafter "SOS"); HASSAN IBRIHIM ABUBAKAR; and HASSAN MOHAMED (incorrectly identified as "Hassan Mohamed" and hereinafter "Hassan Mohamed Said") (collectively referred to as "Defendants") by and through their attorneys Wilson Elser Moskowitz Edelman & Dicker, LLP, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and the Local Rules of the United States District Court for the Northern District of Illinois, hereby remove this action, pending as Case No. 2022-L-010413 in the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, the above-captioned case, and as grounds for removal, state as follows:

      1.      On or about November 21, 2022, Plaintiff commenced the above-captioned lawsuit in the Circuit Court of Cook County, Illinois seeking damages arising from a traffic collision that occurred between Hassan Mohamed Said and another vehicle being operated by Plaintiff Deysi Sanchez Mendez (hereinafter "Sanchez Mendez") (*See* Plaintiff's Complaint at Law, attached as **Exhibit A**).

**DIVERSITY OF CITIZENSHIP**

2. Plaintiff is a resident and citizen of the State of Texas. Plaintiff is therefore a citizen of Texas for purposes of diversity jurisdiction.

3. Defendant SOS is an Ohio Limited Liability Corporation with its principal place of business in the State of Ohio. Defendant SOS is wholly-owned by Mohamud Duale (hereinafter "Duale"). Duale is a resident and citizen of the State of Ohio. Defendant SOS is therefore a citizen of Ohio for purposes of diversity jurisdiction.

4. Defendant Hassan Ibrihim Abubakar is a resident and citizen of the State of Ohio. Defendant Hassan Ibrihim Abubakar is therefore a citizen of Ohio for purposes of diversity jurisdiction.

5. Defendant Hassan Mohamed Said is a resident and citizen of the State of Ohio. Defendant Hassan Mohamed Said is therefore a citizen of Ohio for purposes of diversity jurisdiction.

6. In light of the above, complete diversity of citizenship exists as between the Plaintiff who is a citizen of Texas and the Defendants who are citizens of Ohio.

**AMOUNT IN CONTROVERSY**

7. Plaintiff's Amended Complaint includes an Affidavit of Damages swearing that it is seeking damages in excess of $50,000.00 in damages from Defendants.

8. During pre-litigation discussions with Plaintiff's counsel, Plaintiff's counsel indicated that Plaintiff was alleging injuries to her back and knee and that she had undergone medical treatments related to injuries allegedly received from the collision that is the subject of Plaintiff's Complaint.

9. Plaintiff's counsel stated that the expected medical specials in this matter would exceed $180,000.00.

10. The "removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). The Seventh Circuit Court of Appeals has "suggested several ways in which this may be done—by contentions interrogatories or admissions in state court; *by calculation from the complaint's allegations*; by reference to the plaintiff's informal estimates or *settlement demands*; or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *Id.* (internal citations omitted) (emphasis added).

11. In the Northern District of Illinois, Courts have held that the amount in controversy can be inferred from the Complaint. *Midland Mgmt. Co. v. Am. Alternative Ins. Corp.*, 132 F. Supp. 3d 1014, 1019 (N.D. Ill. 2015). In *Midland*, the Court concluded that although the Complaint listed the total damages as only $50,000, this was done for procedural reasons and that the description of injuries including "'permanent personal injury,' and current and future 'pain and suffering' and 'disability and disfigurement'… could easily exceed $75,000." *Id.*

12. In Plaintiff's Complaint, she claims to have "suffered severe and permanent personal and pecuniary injuries and property damage." *See* **Ex. A**, ¶ 10 of Counts I-IV.

13. Based upon the November 21, 2022 Complaint filed by the Plaintiff and informal pre-litigation discussions with Plaintiff's counsel, it is clear that Plaintiff will attempt to seek damages in excess of $75,000, exclusive of costs and interest.

14. Pursuant to 28 U.S.C. § 1441(a), the above captioned case may be removed to this Court.

278746018v.1

## NOTICE OF REMOVAL TIMELY FILED

15. 28 U.S.C. § 1446(b)(3) provides that "[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

16. On or about November 30, 2022, Plaintiff served her Complaint via Franklin County Sheriff's Office to SOS. (*See* Filed Affidavit of Service, attached as **Exhibit B**).

17. On or about December 12, 2022, Plaintiff served her Complaint via Franklin County Sheriff's Office to Hassan Ibrahim Abubakar. (*See* Filed Affidavit of Service, attached as **Exhibit C**).

18. On information and belief, Plaintiff has not yet filed an Affidavit of Service on Hassan Mohamed Said.

19. Defendants have therefore timely petitioned this Court for removal as said Notice of Removal is being filed within 30 days the last Defendant's service of Plaintiff's Complaint.

20. All Defendants have consented to the removal to Federal Court.

## CONCLUSION

21. For the foregoing reasons, this Court has original jurisdiction over this action under §1332(b), because complete diversity exists, and Defendants believe in good faith that the amount in controversy exceeds the jurisdiction limit of $75,000.

WHEREFORE, Defendants SOS TRUCKING SERVICES, LLC; HASSAN IBRAHIM ANUBAKAR; and HASSAN MOHAMED SAID notify that this cause has been removed from the Circuit Court of the Seventeenth Judicial Circuit of Boone County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to the provisions of

278746018v.1

28 U.S.C. §1446 and the Rules of the United States District Court for the Northern District of Illinois.

Date:   January 11, 2023

                                       Respectfully submitted,

                                       Wilson Elser Moskowitz Edelman & Dicker LLP

                                       By:   */s/ Alex J. Levin*  
                                                 Attorney for Defendants

Kathleen McDonough (ARDC #6229813)
Alex Levin (ARDC #6324238)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 W. Monroe Street, Suite 3800
Chicago, IL  60603
P:  312-704-0550 | F:  312-704-1522
kathleen.mcdonough@wilsonelser.com
alex.levin@wilsonelser.com